IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Antonio Martinelle Randolph, #19394-058, | ) C/A No.: 9:09-3166-RMG-BM |
| Plaintiff, | ) |
| vs. | ) |
| L. Fuertes Rosario, HSA-MLP; John J. LaManna, Warden; and G. Link, Physicians Assistant | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with the Federal Bureau of Prisons, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on April 19, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 21, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

- 1 -



an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. After receiving an extension of time, Plaintiff filed a memorandum in opposition to the Defendants' motion on May 25, 2010, to which the Defendants filed a reply memorandum on June 1, 2010.

The Defendants' motion is now before the Court for disposition.[2]

**Discussion**

Plaintiff alleges in his complaint that when he arrived at FCI Edgefield (date not provided)[3] he had a torn achilles heel as a result of an injury he sustained playing basketball. Plaintiff alleges that he provided information concerning his injury to the Defendant Link during his intake screening, including that he had been scheduled for surgery at his previous detention facility prior to being transferred to FCI Edgefield. Plaintiff alleges that following his initial screening, he was provided with a lower bunk pass due to his condition, but that sometime later he was told that he was going to have to work because he had been given a care level one and cleared for duty. Plaintiff alleges that he refused to go to the kitchen to work, following which he was reassigned to sedentary duty at the law library which, Plaintiff alleges, "caused me great pain going back and [forth] day to day for several months from the unit to the job area." Plaintiff alleges that this improper assessment was the "onset of all the pain and suffering that I [incurred] at FCI Edgefield and most definitely help assist in the prolonged resistance of the much needed surgery on my achilles

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3] Plaintiff is now incarcerated at the Federal Prison Facility in Butner, North Carolina.



tendon."

Plaintiff alleges that he complained to the Defendant Fuertes-Rosario because she was the "head administrator over health care services", but had "no success from her". Plaintiff alleges that he eventually had to go around Fuertes-Rosario in order to obtain paperwork from his previous detention facility documenting his injury, but that he still was not scheduled for an operation because Fuertes-Rosario advised him that the "Utilization Review Committee" would have to decide what to do. Plaintiff alleges that he had "began the inmate grievance procedure", when he received notification stating that his surgery had been approved. Plaintiff alleges that he proceeded with his administrative remedies, however, because he was continually told to "be patient". Plaintiff alleges that he did not finally receive his surgery until June 10, 2008, after "some seven months . . . .". See generally, Complaint.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).



Defendants argue in their motion, inter alia, that this lawsuit should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a), federal prisoners are required to exhaust their administrative remedies prior to filing civil lawsuits. See Booth v. Churner, 532 U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; see also Porter v . Nussle, 534 U.S. 516, 524 (2002)[exhaustion required for all actions brought with respect to prison conditions]. Hence, before Plaintiff could bring this lawsuit, he was required to first exhaust available prison remedies.

The Federal Bureau of Prisons has a detailed grievance process which allows prison inmates to pursue administrative remedies for their grievances. See 28 C.F.R. § 542.10, et. seq. This administrative process operates as follows:

> An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. Administrative complaints must be filed within twenty days of the date of the incident giving rise to the complaint. 28 C.F.R. §542.14(a). The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. §542.15(a).

See 28 C.F.R. §542.10, et seq.[4]

---

[4]This Court can take judicial notice of the BOP grievance process. See Portis v. Caruso, No. 09-846, 2010 WL 3609364 at * * 4-5 (W.D.Mich. July 28, 2010)["Taking judicial notice of a prisoner's administrative grievance proceeding is consistent with the purpose of PLRA's invigorated exhaustion provision . . . ."] (internal quotations omitted); Blevins v. Loranth, No. 09-788, 2010 WL 670099 (D.S.C. Feb. 22, 2010); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); cf. Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5
(continued...)



The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, supra. To meet this burden, the Defendants have submitted an affidavit from Jenifer Hollett, Senior Attorney for the United Stated Department of Justice, Federal Bureau of Prisons. Hollett attests that as part of her duties she provides legal assistance to staff at the four federal prisons located in South Carolina and as such has access to BOP records and data bases concerning inmate administrative remedies. Hollett attests that Plaintiff was incarcerated at FCI Edgefield from December 6, 2007 to April 4, 2009, and is currently incarcerated at FCI Butner in North Carolina. Hollett further attests that all formal grievance requests are logged into the national data base and given an identifying number, and that a true and correct copy of the Administrative Remedy Log for the Plaintiff is attached to her affidavit as Attachment 1. Hollett attests that Plaintiff has only filed one grievance, which is related to this case, but that that grievance was not exhausted through all levels of administrative review. Hollett has attached a true and correct copy of that grievance to her affidavit as Attachment 2. See Attachment [ID # 490802].

Hollett attests that Plaintiff began the formal grievance process at the institution level on April 23, 2008, the Warden's response was signed on May 12, 2008, Plaintiff appealed this grievance to the Regional Director on June 3, 2008, and the Regional response was signed on July 2, 2008. Hollett attests that Plaintiff did not attempt to appeal that response any further. See

---

<sup>4</sup>(...continued)
(D.S.C. Apr. 18, 2006).



generally, Hollett Affidavit, with attached Exhibits [Grievance records and history]. Hollett's sworn statement and exhibits do not appear to be contested, as Plaintiff himself confirms in his complaint that he only "continued with the Administrative Remedy Process to the Region . . . .". Plaintiff's Complaint [typed attachment, p. 2]. Further, in his response to the Defendants' motion to dismiss, Plaintiff does not even address the Defendants argument that he failed to completely exhaust his administrative remedies prior to filing this lawsuit, focusing instead on the merits of his underlying claim.[5]

Hence, based on the evidence submitted, even accepting the allegations of Plaintiff's complaint to be true, dismissal of this case warranted. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]. Therefore, this case should be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; Jones, 549 U.S. at 211 ["Exhaustion is mandatory under the PLRA [Prison

---

[5]Plaintiff has submitted a number of exhibits as attachments to his response to the Defendants' motion to dismiss. To the extent the Court's consideration of these materials requires a review of Defendants' motion under the standards of a Rule 56 motion for summary judgment, the undersigned finds that to be proper where Plaintiff has received notice of these filing and the appropriate Roseboro instructions. Cf. LaSalle Parish School Bd. v. Allianz Global Risks U.S., No. 07-399, 2008 WL 1859847, at * 1-2 (W.D.La. April 24, 2008); Curry v Mazzuca, No. 05-1542, 2006 WL 250487, at * 4-5 (S.D.N.Y. Feb.2, 2006); see also Spruill v. Gillis, 372 F.3d 281, 223 (3rd. Cir. 2004)[documents relating to issue of exhaustion may be considered when considering a motion to dismiss]; Baylis v. Taylor, 475 F.Supp.2d 484, 488 (D.Del. 2007); Morel v. O'Brien, No. 09-346, 2010 WL 1212573 at * 2 n. 1 (W.D.Va. Mar. 25, 2010).



Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; 42 U.S.C. § 1997e(a).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 1, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

