IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
JSDC. CLERK CHARLESTON. SC

2010 OCT 21  A 8: 04

Antonio Martinelle Randolph, #19394-058, )
                                          )
                    Plaintiff,            )       C.A. No.: 9:09-3166-RMG
                                          )
v.                                        )       **ORDER**
                                          )
L. Fuertes Rosario, HSA-MLP; John J.      )
LaManna, Warden; and G. Link,             )
Physicians Assistant,                     )
                                          )
                    Defendants.           )
_____)

This matter is before the Court upon the recommendation of Magistrate Judge Marchant that Defendants' Motion to Dismiss be granted, and that this case be dismissed without prejudice for failure of the Plaintiff Antonio Martinelle Randolph, #19394-058 ("Plaintiff") to exhaust his administrative remedies. Because Plaintiff is proceeding pro se, and because Plaintiff is a prisoner seeking relief pursuant to 42 U.S.C. § 1983, this matter was referred to the Magistrate Judge.[1]

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears Congress did not intend for the district court to review the factual and legal conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

_____

[1]See 28 U.S.C. § 636(b); Local Rule 73.02(B)(2)(d); Local Rule 73.02(B)(2)(e).

court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1985).[2] No objections have been filed to the Magistrate Judge's Report and Recommendation.

A review of the record indicates that the Magistrate Judge's report accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is adopted as the Order of this Court. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that Defendants' Motion be granted, and that the instant action be **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**October 20, 2010**

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a *pro se* litigant must receive fair notification of the consequences of failure to object to a magistrate's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" <u>Wright</u>, 766 F.2d at 846 (quoting <u>Hudson v. Hardy</u>, 412 F.2d 1091, 1094 (D.C. Cir. 1968)). Plaintiff was advised in a clear manner that his objections had to be filed within fourteen (14) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the Magistrate Judge's report.