IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC

2010 DEC -1 A 9:39

| | |
|---|---|
| Antonio Martinelle Randolph, #19394-058, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 9:09-3166-RMG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| L. Fuertes Rosario, HSA-MLP; John J. ) | |
| LaManna, Warden; and G. Link, ) | |
| Physicians Assistant, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court upon the recommendation of Magistrate Judge Marchant that Defendants' Motion to Dismiss be granted, and that this case be dismissed without prejudice for failure of the Plaintiff Antonio Martinelle Randolph, #19394-058 ("Plaintiff") to exhaust his administrative remedies. Because Plaintiff is proceeding *pro se*, and because Plaintiff is a prisoner seeking relief pursuant to 42 U.S.C. § 1983, this matter was referred to the Magistrate Judge.[1] Plaintiff has objected to the Magistrate Judge's Report and Recommendation. (Dkt. No. 34).[2]

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent

---

[1] See 28 U.S.C. § 636(b); Local Rule 73.02(B)(2)(d); Local Rule 73.02(B)(2)(e).

[2] This Court had previously issued an Order adopting the Magistrate Judge's recommendation due to Petitioner's failure to object. However, Petitioner filed objections and asked the Court to reconsider its prior Order which it did. (Dkt. No. 36). Thus, this Order is issued after considering the objections and reviewing the Record anew.

Page 1 of 2

prompt objection by a dissatisfied party, it appears Congress did not intend for the district court to review the factual and legal conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140 (1985).

After a *de novo* review of the record and Plaintiff's objections, this Court agrees with the Magistrate Judge's report. It is clear that the Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a), federal prisoners are required to exhaust their administrative remedies prior to filing civil lawsuits. *See Booth v. Churner*, 532 U.S. 731 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"). Accordingly, before Plaintiff could bring this lawsuit, he was required to first exhaust available prison remedies and he has not.

Therefore, it is **ORDERED** that Defendants' Motion to Dismiss is granted, and that the instant action be **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Judge

Charleston, South Carolina
November 3̲0̲, 2010